**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : CRIMINAL NO. 11-434-01 |
| | : |
| **NORMAN M. WERTHER.** | : |
| | : |

**ORDER**

AND NOW, this ___ day of _____, 2013, upon consideration of Defendant Dr. Norman M. Werther's Motion *in Limine* to exclude the introduction of the death scene and autopsy photographs of patient N.B., and the response of the United States thereto, it is hereby ORDERED that the motion is GRANTED as follows:

1. Any and all photographs of deceased patient N.B. are excluded from introduction as evidence at trial.

                                                   BY THE COURT:

                                                   **HONORABLE BERLE M. SCHILLER**
                                                   *Judge, United States District Court*

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :  CRIMINAL NO. 11-434-01 |
| | : |
| NORMAN M. WERTHER. | : |
| | : |

### DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE THE INTRODUCTION OF THE DEATH SCENE AND AUTOPSY PHOTOGRAPHS OF PATIENT N.B.

Defendant Dr. Norman M. Werther files this Motion *in Limine* to exclude the introduction of the death scene and autopsy photographs of patient N.B. Such evidence is irrelevant under Federal Rule of Evidence 402 and unfairly prejudicial under Federal Rule of Evidence 403. Accordingly, and for the reasons discussed in the attached supporting Memorandum of Law, Dr. Werther respectfully requests that this Honorable Court grant his Motion *in Limine* and exclude such death scene and autopsy photographs from being introduced at trial.

Respectfully Submitted,

Dated: March 20, 2013

**DILWORTH PAXSON LLP**

s/ David M. Laigaie

| | |
|---|---|
| Marc J. Weinstein, Esquire | David M. Laigaie, Esquire |
| PA I.D. No. 206441 | PA I.D. No. 63010 |
| 1500 Market Street, Suite 3500E | 1500 Market Street, Suite 3500E |
| Philadelphia, PA 19102 | Philadelphia, PA 19102 |
| Tel.: 215-575-7183 | Tel.: 215-575-7168 |
| Fax: 215-575-7200 | Fax: 215-575-7200 |
| mweinstein@dilworthlaw.com | dlaigaie@dilworthlaw.com |

*Attorneys for Defendant, Norman M. Werther*

10637321_1

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL NO. 11-434-01 |
| | : |
| NORMAN M. WERTHER. | : |
| | : |

DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION *IN LIMINE* TO EXCLUDE
THE INTRODUCTION OF THE DEATH SCENE AND
AUTOPSY PHOTOGRAPHS OF PATIENT N.B.

**I.   INTRODUCTION**

The grand jury indicted Dr. Norman M. Werther, in part, for distributing a controlled substance resulting in the death of patient N.B., in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2.[1]  As part of discovery, the Government has produced death scene and autopsy photographs of the deceased N.B.[2]  This Court should exclude the introduction of such photographs from trial because they are irrelevant to the foregoing charge and, even if they are relevant, any probative value of the photographs is substantially outweighed by the danger of unfair prejudice.

---

[1] Third Superseding Indictment at Count Thirty-Eight.

[2] The photographs at issue are available upon request of the Court for *in camera* review.  The photographs are Bates labeled BACKES000002 to BACKES0000039.  The Government also produced autopsy photographs for another former patient, who is not included in the Third Superseding Indictment and whose death is not alleged to have resulted from Dr. Werther's actions.  Undersigned counsel has no reason to suspect that the Government intends to offer these photos, and we have filed a separate *in Limine* Motion seeking to preclude all evidence of uncharged deaths.

10637321_1

## II.   AUTOPSY PHOTOGRAPHS OF PATIENT N.B. ARE IRRELEVANT AND UNFAIRLY PREJUDICIAL.

To make out its claim for distribution of a controlled substance resulting in the death of patient N.B., in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), the government must prove that: (1) Dr. Werther prescribed medicine to patient N.B; (2) outside the scope of usual medical practice (3) without any legitimate medical purpose; and (4) the medicine was the "but for" cause of patient N.B.'s death.[3]  Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.  The autopsy photographs are not relevant to establishing any of the foregoing elements.  Accordingly, they should be excluded.

Even if such photographs were relevant, they should be excluded because any probative value of such photographs is substantially outweighed by the danger of unfair prejudice.

---

[3] *See, e.g.*, *United States v. Webb*, 655 F. 3d 1238, 1249 (11th Cir. 2011) (affirming "death results" jury instruction: "[This] standard was satisfied upon a finding that, but for the victims' ingesting the controlled substances charged in the indictment, the victims would not have died"); *United States v. Kreiger*, 628 F.3d 857, 870 (7th Cir. 2010) (to prove "death results" charge, "the government must prove at a minimum 'but for' causation—that is, that the death or injury would not have occurred had the drugs not been ingested"); *United States v. Hatfield*, 591 F.3d 945, 948 (7th Cir. 2010) (reversing based on faulty instruction on "death results" charge: "[T]he government at least must prove that the death or injury would not have occurred had the drugs not been ingested: 'but for' (had it not been for) the ingestion, no injury.  That is the minimum concept of cause.") (citation omitted); *United States v. Washington*, 596 F.3d 926, 947 (8th Cir. 2010) (affirming jury instructions on "death results" charge: "All the Government must prove beyond a reasonable doubt is that the defendant intentionally distributed the Fentanyl and that but for Justin Knox's use of the Fentanyl the Defendant distributed, Justin Knox would not have died"); *United States v. De La Cruz*, 514 F.3d 121, 137 (1st Cir. 2008) (affirming jury instruction on "death results" charge: "As to the death-resulting issue, the district court instructed the jury that it must find, beyond a reasonable doubt, that Wallace ingested heroin, that this heroin was a "but for" cause of Wallace's death, and that this heroin was distributed as part of the conspiracy charged in Count One and passed through Defendant's hands as part of the distribution charged in Count Two."); *United States v. Soler*, 275 F.3d 146, 152 n.3 (1st Cir. 2002) (affirming instruction on "death results" charge: "All that the Government must prove beyond a reasonable doubt is that Mr. Thompson used the heroin the defendant distributed, and that but for Mr. Thompson's use of defendant's heroin, Mr. Thompson would not have died").  While the Third Circuit has never ruled on the appropriate jury instructions for a "death results" charge, it has affirmed a district court's sentence enhancement where the defendant conceded "that clear and convincing evidence proves that but for the use of heroin that Robinson delivered to Bungar, Allison would not have died." *United States v. Robinson*, 167 F.3d 824, 830 (3d Cir. 1999).  The *Robinson* court also left open whether section 841(b)(1)(c) includes an intervening or superseding cause exception, noting that "[t]here was no intervening or superseding cause here…." *Id*. at 830 n.4.

Relevant evidence may still be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee Notes.

Here, introduction of death scene and autopsy photographs are highly inflammatory and unfairly prejudice Dr. Werther because it creates a risk that the jury will want to punish Dr. Werther for patient N.B.'s death (regardless of whether the government actually proves the charge beyond a reasonable doubt). This risk substantially outweighs any probative value of such evidence. *See Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (describing unfairly prejudicial evidence as that which "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish," or otherwise "may cause a jury to base its decision on something other than the established propositions in the case.") (citation omitted);[4] *see also Bridges v. Enterprise Products Co., Inc.*, No. 3:05cv786-WHB-LRA, 2007 WL 571074, at *2 (S.D. Miss. Feb. 20, 2007) ("Additionally, the Court finds that any probative value of the autopsy photographs is substantially outweighed by the danger of unfair prejudice and invoking bias on the part of the jury.") (*citing Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1085 (5th Cir. 1986) (finding that photographs of a victim bleeding profusely are classic examples of evidence properly excluded under Rule 403 because they tend to induce a jury decision on a purely emotional basis.)).

---

[4] *See also United States v. Cross,* 308 F.3d 308, 324 n. 23 (3d Cir. 2002) ("[O]ur 'focus must be on unfairness in the sense that the proponent would secure an advantage that results from the likelihood the evidence would persuade by *illegitimate* means.'") (citation omitted).

Finally, there is no dispute that patient N.B. died. Furthermore, the government has independent evidence, namely, the autopsy report, to establish that patient N.B. died. Thus, introduction of death scene and autopsy photographs are unnecessary. *Fernandez v. Leonard*, 963 F.2d 459, 465 (1st Cir. 1992) (district court properly excluded autopsy photographs where the autopsy report already furnished the information about the manner of death); *Gonzalez v. City of Garden Grove*, No. CV 05-1506 CAS (JTLx), 2006 WL 5112757, at *8 (C.D. Cal. Dec. 4, 2006) (excluding autopsy photographs "[b]ecause it appears that independent evidence exists concerning the injuries to decedent.").

### III.  CONCLUSION

For all of the foregoing reasons, Dr. Werther respectfully requests that this Honorable Court grant his Motion *in Limine* and exclude the introduction of the death scene and autopsy photographs of patient N.B. at trial.

Respectfully Submitted,

Dated: March 20, 2013          **DILWORTH PAXSON LLP**

s/ David M. Laigaie

| | |
|---|---|
| Marc J. Weinstein, Esquire | David M. Laigaie, Esquire |
| PA I.D. No. 206441 | PA I.D. No. 63010 |
| 1500 Market Street, Suite 3500E | 1500 Market Street, Suite 3500E |
| Philadelphia, PA 19102 | Philadelphia, PA 19102 |
| Tel.: 215-575-7183 | Tel.: 215-575-7168 |
| Fax: 215-575-7200 | Fax: 215-575-7200 |
| mweinstein@dilworthlaw.com | dlaigaie@dilworthlaw.com |

*Attorneys for Defendant, Norman M. Werther*

## CERTIFICATE OF SERVICE

I, David M. Laigaie, hereby certify that a true and correct copy of the Defendant's Motion *in Limine* to Exclude the Introduction of the Death Scene and Autopsy Photographs of Patient N.B., supporting Memorandum of Law, and proposed Order have been forwarded to the counsel listed below on this 20th day of March, 2013, via e-mail notification of an electronic case filing.

Zane David Memeger, U.S. Attorney
Michelle Rotella, Assistant U.S. Attorney
Nancy Beam Winter, Assistant U.S. Attorney
United States Attorney office
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106

**DILWORTH PAXSON LLP**

s/ David M. Laigaie
David M. Laigaie

10637321_1